UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JONATHON C. HOOD, | ) | |
| 1,000,000 JOHN DOES, and | ) | |
| 1,000,000 JANE DOES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.:  4:19-CV-15-HSM-SKL |
| | ) | |
| ROBERT BAGGETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On September 21, 2018, Johnathon C. Hood, an inmate at Trousdale Turner Correctional

Center ("TTCC"), filed a pro se Complaint on behalf of himself, as well as on behalf of "the People

of Tennessee, 1,000,000 John Does, [and] 1,000,000 Jane Does" [Doc. 1].  Plaintiff indicates that

he intends the filing to be a "preemptive, retroactive, liability, class-action, civil + criminal law

suit" to vindicate the rights of a class of plaintiffs: (1) who were assessed a fine as a part of a

criminal sentence(s) and/or judgments of conviction in the State of Tennessee; (2) whose sentences

have expired; (3) whose criminal fines were not converted or reassessed as a civil debt pursuant to

Tenn. Code Ann. § 40-24-105; and (4) whose debts are still being held for collection by the state,

a county clerk, or an appointed or affiliated collection agency [*Id*. at 1-3].  He names as Defendants

Robert Baggett, then-Governor Bill Haslam, the State of Tennessee, and 10,000 John and Jane

Does, to include every county criminal court clerk, attorney general, district attorney, and judge

involved in one of the disputed judgments, and "all employees of the Tenn. Department of Safety

and Homeland Security." [*Id*. at 1, 3].

The allegations thereafter are difficult to discern.  Plaintiff argues that Defendants "are

attempting to discharge the fines of all the above potential plaintiffs and expire the statute of limitations that would hold them liable," but also argues that this action should be "retroactive back to the 1970s or as far back as records are kept" [*Id*. at 4]. He requests that the Court classify the offenses he has alleged as "federal offenses" and assign a special prosecutor "because the Defendants receive federal funds and have used the funds that they have allegedly collected legally in federal petitions and grants, thus defrauding the American people and the federal government" [*Id*. at 4-5].

He expressly states that this case is premised upon "a victory in *Hood v. Baggett*, case no. 4:18-cv-9-HSM-SKL," and that this action "will remain a clear and present viable action until dismissed by Mr. Hood, pending and pursuant to the Defendants coming forth with an out-of-court settlement (OOCS) agreement ver 3.0, previously filed and arbitrated by the Honorable Magistrate Judge Susan K. Lee" in that action [*Id*. at 4-5]. According to Plaintiff, success in his individual action will turn this "potential class-action liability suit into a reality" [*Id*. at 6-7]. As such, he requests the appointment of counsel "the very instant that . . . he has won his individual complaint" [*Id.* at 7].

However, the Court's docket refutes Plaintiff's allegations regarding that action, as it reflects that no settlement agreement was reached between the parties, nor was any settlement or other merit-based issue arbitrated by Magistrate Judge Lee [E.D. Tenn. Case No. 4:18-cv-9-HSM-SKL]. Quite to the contrary, the Defendant in that action was never even served with process, as the Court dismissed the action in its entirety on December 18, 2018 after screening the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)

[Docs. 66-67].[1]

From October of 2018 through February of 2019, Plaintiff filed over a dozen motions, briefs, notices, and letters in the instant action, including his motion for leave to proceed *in forma pauperis* on February 24, 2019 [Docs. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15,16,17,18, 19, 20, 21, 22, 23, 24, 25, 26, 27]. On February 22, 2019, the Court entered an Order granting Plaintiff's motion for leave to proceed *in forma pauperis*, but denying as premature and/or unnecessary all other motions and notices filed by Plaintiff, citing its obligation to first screen the original Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The Court further advised Plaintiff that it would automatically deny any new amendments, supplements, or other motions for relief until such time as the Court had opportunity to conduct this screening.

Nonetheless, Plaintiff continued with his prior pattern, submitting numerous letters and motions in the next month, including a "petition for a state-wide class action injunction" [Doc. 30; *see also* Docs. 29, 32, 33]. On February 22, 2019, another inmate at TTCC, Jim Cullop, filed a motion for leave to proceed *in forma pauperis* in this action [Doc. 31]. In his most recent filing, Plaintiff requests that the Court postpone screening of his Complaint until after the resolution of his petition for writ of habeas corpus in the Middle District of Tennessee [Doc. 34; *see also* Doc. 35].

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim

---

[1] Plaintiff's Complaint was denied based upon a finding that he failed to state any claim upon which relief could be granted, as all of his claims were barred by the *Rooker-Feldman* and *Heck* doctrines [*See* Doc. 66 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)].

for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Jones v. Bock*, 549 U.S. 199, 213 (2007); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Courts must liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *but see Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006) (noting that, despite the leniency afforded to *pro se* plaintiffs, the Court is "not require[d] to either guess the nature of or create a litigant's claim.").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). When reviewing a complaint for failure to state a claim under Rule 12(b)(6), the Court must take all of the factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678; *see Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) ("A motion to dismiss for failure to state a claim [under Rule 12(b)(6)] is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."). While "detailed factual allegations" are not required, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Therefore, to survive dismissal for failure to state a claim, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*citing Twombly*, 550 U.S. at 555).

The perplexing and varied issues and motions that have arisen in this action make a

straightforward application of the PLRA screening standard challenging, if not impossible. And yet, it is that disorder and confusion that lead the Court to the firm and clear conclusion that Plaintiff has stated no claim for relief which can withstand PLRA screening.

First and foremost, in the Complaint, Plaintiff clearly states that his victory in his individual action asserting these claims is a necessary prerequisite for the claims that he seeks to assert on behalf of a class of current or former inmates with similar claims. But Plaintiff did not succeed in his individual action. Despite his hopes for success in obtaining a settlement from Defendant Baggett in that action, the Court dismissed all of his claims pursuant to the PLRA for failure to state a claim. Accordingly, by Plaintiff's own admission a necessary condition-precedent to pursuing this action has not been met, and the basis for Plaintiff's Complaint is now moot.

Even if Plaintiff had succeeded in his individual action, however, he would still not be entitled to pursue this action to assert the constitutional rights of other prisoners and criminal defendants. Pro se prisoners are generally limited to legal actions in which they seek to vindicate violation of their own constitutional rights. *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (citing *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Dean v. Blanchard*, 865 F.2d 257 (6th Cir. 1988) (table)). Absent a request for class certification pursuant to Federal Rule of Civil Procedure 23, a pro se prisoner lacks standing to assert the constitutional rights of other prisoners. *Newsom*, 888 F.2d at 381. And even when a pro se prisoner requests class certification, federal courts routinely conclude that pro se prisoners are not able to fairly and adequately represent the interests of a class. *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *see also Montague v. Schofield*, 2015 WL 1879590, at *2 (E.D. Tenn. Apr. 22, 2015); *Ziegler v. Michigan*, 90 F.App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys proceeding pro se cannot adequately represent a class"); *Hammond v. O'Dea*, 932 F.2d 968 (6th Cir. 1991) (table); *Oxendine v.*

*Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it was plain error to permit a pro se prisoner to represent his fellow inmates in a class action).

For these reasons, Plaintiff has simply stated no plausible claim for relief in his Complaint. Accordingly, the Court **DENIES** Plaintiff's Motion for a state-wide class action [Doc. 30] and hereby **DISMISSES** this action in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

As such, there is no reason to delay the screening of this Complaint pending the resolution of his habeas petition in the Middle District of Tennessee, as the success or failure of that petition would not alter the grounds for the Court's dismissal of this action – that is, Plaintiff's lack of standing and inadequacy as a representative of a class. Accordingly, Plaintiff's Motion to Stay [Doc. 34] is hereby **DENIED**.

Similarly, there is no reason to grant Mr. Cullop's motion for *in forma pauperis* status. To the extent that he filed the motion with hopes of joining as a plaintiff in this action, his request is moot as there is no longer an action to join. Accordingly, Mr. Cullop's motion for leave to proceed *in forma pauperis* [Doc. 31] is **DENIED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.


_____*/s/ Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE